## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| THOMAS H. TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT BUREAU SYSTEMS, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:22-cv-00651<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes THOMAS H. TURNER ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of CREDIT BUREAU SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and under the Missouri Merchandising Practices Act ("MMPA"), pursuant to Missouri Revised Statutes § 407.010, *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Missouri and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age and, at all times relevant, resided in the state of Missouri.

5. Defendant is a debt collector advertising that its "Collection Services Division promises to deliver the highest quality service, and the results to back it up."[1] Defendant is a corporation organized under the laws of Kentucky with its principal place of business located at 100 Fulton Court, Paducah, Kentucky 42001. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Missouri.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon outstanding debts ("subject consumer debts") purportedly owed by Plaintiff to Cox Health for personal medical services.

8. Upon information and belief, after Plaintiff's purported default on the subject consumer debts, they were charged-off and turned over to Defendant for collection purposes.

---

[1] www.credit-bureau.com/cbs/

9. Sometime in the year 2022, Defendant began placing debt collection phone calls to Plaintiff's personal cellular phone, (314) XXX-7280.

10. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7280. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number, (844) 889-7699, when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone number ending -7699 during its debt collection activity.

13. Upon speaking with Defendant for the first time, Plaintiff instructed Defendant not to call anymore.

14. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone and, as a result, causing Plaintiff emotional distress.

15. Frustrated over Defendant's conduct, Plaintiff spoke to the undersigned regarding his rights, exhausting time, money and resources.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of Plaintiff's telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on Plaintiff's cellular phone, and diminished space for data storage on Plaintiff's cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692c(d) of the FDCPA.

20. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

22. Each of the subject consumer debts is a "debt" as defined by FDCPA § 1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692d *et seq.***

23. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

24. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including

4

"[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication that communications cease or that a consumer is otherwise unwilling to meet a debt collector's demand for payment.

25. Defendant violated 15 U.S.C. §§ 1692d and 1692d(5)through its placement of phone calls to Plaintiff's cellular phone following his conversations with Defendant wherein it was clear that he found Defendant's collection phone calls harassing and that he did not want to be called anymore. The regulations clarify that consumers who have requested calls to stop or otherwise expressed an unwillingness to comply with a debt collector's demand for payments, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. The nature and pattern of Defendant's phone calls further illustrate the harassing and oppressive intent behind Defendant's calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

    b.  **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

28. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware that such communications were unwanted. Defendant falsely and deceptively represented its ability to

5

continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the subject consumer debts through undue and deceptive means.

    c. **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties and Plaintiff communicating directly to Defendant that he did not want to be called anymore.

WHEREFORE, Plaintiff THOMAS H. TURNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" as defined by Mo. Rev. Stat. § 407.010(5) of the MMPA.

33. The MMPA prohibits any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the same or advertisement of any merchandise in trade or commerce….whether committed before, during, or after the sale, advertisement, or solicitation." Mo. Rev. Stat. § 407.020(1).

34. "Sale" is defined as "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit." Mo. Rev. Stat. § 407.010(6).

35. Defendant's collection actions are "in connection with" a credit transaction. *See, Id*. and *Jackson v. Barton*, 548 S.W.3d 263 (Mo. 2018).

36. Defendant violated the MMPA by engaging in an unfair and deceptive acts and practices while collecting or attempting to collect a debt from Plaintiff. It was inherently unfair and deceptive for Defendant to place phone calls to Plaintiff after Plaintiff asked Defendant to stop doing so.

37. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff by calling him. Once Plaintiff made hid demands known that he did not wish to receive any further phone calls, Defendant was obligated to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, in order to force consumers into making a payment.

WHEREFORE, Plaintiff THOMAS H. TURNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff punitive damages provided by Mo. Rev. Stat. § 407.025(1);

c. Awarding Plaintiff costs and reasonable attorney fees;

7

   d.  Enjoining Defendant from further contacting Plaintiff; and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 21, 2022               Respectfully submitted,

                                                   s/ Nathan C. Volheim
                                                   Nathan C. Volheim, Esq. #6302103
                                                   *Counsel for Plaintiff*
                                                   Sulaiman Law Group, Ltd.
                                                   2500 South Highland Ave., Suite 200
                                                   Lombard, Illinois 60148
                                                   (630) 568-3056 (phone)
                                                   (630) 575-8188 (fax)
                                                   nvolheim@sulaimanlaw.com